UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.D. ERIC R. BRAVERMAN, Plaintiff, -v- STATE OF NEW YORK et al., Defendants. | 26-CV-9206 (JMF) MEMORANDUM OPINION AND ORDER |

JESSE M. FURMAN, United States District Judge:

On October 20, 2026, Plaintiff, who is proceeding without counsel, filed an "Emergency Motion for CART and Alternative Conditional Postponement," which seeks an "expedited preliminary injunction direct[ing] . . . the Chief Clerk of the New York County Family Court" to arrange Communication Access Realtime Translation ("CART") services and related accommodations for Plaintiff's October 30, 2026 appearance before that court. ECF No. 1 ("Complaint"), ¶ 1, 10; *id.* at 12. Alternatively, "if CART or an equally effective aid cannot be implemented," Plaintiff seeks a temporary postponement of his court appearance. *Id.* at 13-14; *see also* ECF No. 1-1, at 5 (describing the "[i]mmediate purpose" of the application as "a temporary, enforceable arrangement enabling [Plaintiff] to hear, understand, and respond at the October 30, 2026 Family Court appearance, through qualified CART or a demonstrated equally effective aid"). By Order entered October 26, 2026, the Court directed Defendants to respond to Plaintiff's request for emergency relief, *see* ECF No. 8, and Defendants did so on October 28, 2026, *see* ECF No. 13 ("Defs.' Letter"). Defendants assert that "the Court should deny the Motion on three independent grounds": "[f]irst, the Motion is moot because Family Court has already approved Plaintiff's reasonable accommodation request for his October 30, 2026

appearance"; "[s]econd, Plaintiff has failed to show that he will face irreparable harm absent emergency injunctive relief"; and "[t]hird, several abstention doctrines counsel against this Court's intervention in a pending Family Court proceeding." Defs.' Letter 1.

Upon review of the parties' submissions, Plaintiff's request for emergency relief is DENIED. Defendants make a compelling case that Plaintiff has not shown irreparable harm, *see* Defs.' Letter 3 & n.3 (noting, among other things, that "[t]here is no suggestion in the record that the appearance will involve an evidentiary hearing or findings of fact, which are prerequisites for a determination that a respondent has willfully disobeyed a Family Court support order" and that Plaintiff has been on notice of the October 30, 2026 court date since August 2026), and that one or more abstention doctrines would apply, *see id.* 3-4. In any event, the Court need not and does not rest on those arguments, as it is plain that Plaintiff's request is moot. On October 27, 2026, the day after Plaintiff submitted a renewed request for CART directly to the Family Court, Support Magistrate Monera Mohamed Seliem — before whom Plaintiff's October 30, 2026 appearance is scheduled — entered an order providing that "CART Services are ordered for Part 20 on October 30th, 2026 at 10:30am." ECF No. 13-1, at 2; *see* Defs.' Letter 2-3. Because the state court has already granted Plaintiff the accommodation that he asks this Court to compel, his request for emergency relief is moot. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."); *see also New York v. Seneci*, 817 F.2d 1015, 1017 (2d Cir. 1987) (holding that a request for injunctive relief was moot where a state court had granted the plaintiff "all of the injunctive relief requested").

Finally, Plaintiff's supplemental motion to participate in electronic case filing, *see* ECF No. 10, is DENIED as moot in light of the Court's October 26, 2026 Order that already granted

his request, *see* ECF No. 8.

The Court notes that there is a *Pro Se* Law Clinic in this District to assist parties in civil cases who do not have lawyers. The Clinic may be able to provide Plaintiff with advice in connection with this case. The *Pro Se* Law Clinic is run by a private organization called the City Bar Justice Center ("CBJC"); it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit). To receive limited-scope assistance from the clinic, Plaintiff should make an appointment by completing the CBJC's online intake form, located at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project.

**All parties must familiarize themselves with the Court's Individual Rules and Practices in Civil *Pro Se* Cases, which are attached to this Order and available at https://nysd.uscourts.gov/judge/Furman.**

The Clerk of Court is directed to terminate ECF No. 10.

SO ORDERED.

Dated: October 29, 2026
New York, New York

JESSE M. FURMAN
United States District Judge