UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

M.D. ERIC R. BRAVERMAN,

Plaintiff,

-v-

STATE OF NEW YORK et al.,

Defendants.

---------------------------------------------------------------------X

26-CV-9206 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

On November 18, 2026, the Clerk of Court entered a November 13, 2026 letter from *pro se* Plaintiff both opposing Defendants' request for extension of time to answer (which the Court had already granted) and seeking various relief. *See* ECF No. 19; *see also* ECF Nos. 17-18. Earlier today, Plaintiff submitted another letter by email — a copy of which is attached to this Order — seeking emergency relief in connection with a November 25, 2026 court appearance in his state court proceedings. To the extent that Plaintiff opposes the extension already granted to Defendants, the request is denied as moot. To the extent that Plaintiff seeks emergency relief, Defendants shall file a response, in the form of a letter brief not to exceed four pages, no later than **tomorrow, November 24, 2026, at 5:00 p.m.**

Plaintiff is cautioned that the Court does not permit substantive submissions by email — or any direct communications with Chambers by *pro se* litigants. Plaintiff is also reminded that the Court previously granted him permission to participate in electronic case filing. *See* ECF No. 8. Accordingly, he may file documents directly on ECF, which avoids any delays in docketing.

SO ORDERED.

Dated: November 23, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

---

**From:** Eric Braverman <pathmedical@gmail.com>
**Sent:** Monday, November 23, 2026 7:48 AM
**To:** Furman NYSD Chambers <Furman_NYSDChambers@nysd.uscourts.gov>; miranda.onnen@ag.ny.gov <miranda.onnen@ag.ny.gov>; james.cooney@ag.ny.gov <james.cooney@ag.ny.gov>; Eric Braverman <pathmedical@gmail.com>
**Subject:** URGENT — Braverman v. State of New York, 26-cv-09206-JMF — CART for November 25 at 3 PM; Undocketed November 19 Submission

**CAUTION - EXTERNAL:**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**ERIC R. BRAVERMAN,**
**Plaintiff,**

**v.**

**STATE OF NEW YORK et al.,**
**Defendants.**

**Case No. 1:26-cv-09206-JMF**
**Hon. Jesse M. Furman**

**LETTER TO JUDGE FURMAN FOR EMERGENCY EFFECTIVE-CART RELIEF FOR NOVEMBER 25, 2026, AT 3:00 P.M. NECESSITATED BY JUDGE SELIEM DEFIANCE OF DOC 14 IMPLIED RELIEF FOR ONGOING CART AND INCOMPLETE & DELAYED DOCKETING of 19 & 20 EMERGENCY SUBMISSIONS**

**Hon. Jesse M. Furman**
**United States District Court**
**Southern District of New York**
**40 Foley Square**
**New York, NY 10007**

**Furman_NYSDChambers@nysd.uscourts.gov**

**Dear Judge Furman:**

**I respectfully submit this letter for docketing and expedited consideration, with copies to Defendants' counsel identified below. My November 19 emergency submission remains undocketed, necessitating this expanded explanation before the November 25**

**appearance.**

**A. NOVEMBER 25 APPEARANCE NOTICE AND ITS LOCATION IN THE PENDING SUBMISSION**

Family Court Document 107 schedules my November 25, 2026, 3:00 p.m. appearance before Support Magistrate Seliem, Part 20, but identifies no CART arrangement. The notice appears in Exhibit C, subsection C-1, PDF page 2, of my November 19 emergency submission, identified as proposed ECF No. 20 and still awaiting docketing. It documents the approaching appearance for which I request effective communication under 42 U.S.C. § 12132 and 28 C.F.R. § 35.160(a)–(b).

**B. THE NOVEMBER 25 APPEARANCE REQUIRES CONTINUATION OF EFFECTIVE CART**

Magistrate Seliem scheduled the November 25 appearance without identifying arrangements for the accommodation already recognized as necessary. I understood Your Honor's ECF No. 14 to rest on Family Court's provision of CART, and I contend that proceeding without effective CART would undermine that ruling's accommodation premise and violate the State's independent, continuing effective-communication obligation. I request confirmation and implementation of effective CART before the appearance. 42 U.S.C. § 12132; 28 C.F.R. § 35.160(a)–(b).

**C. ECF NO. 19 — FILED EXHIBITS**

Exhibit A — October 30 CART captions, preliminary comparison, and complete certified hearing transcript documenting the reported communication failure. ECF No. 19-1, pp. 6–20; ECF No. 19-2, pp. 1–11.

Exhibit B — AAG Cooney's November 9 verified opposition in First Department Proceeding No. 2026-06596. ECF No. 19, pp. 7–16.

Exhibit C — October 27 and October 30 CART orders; December 16 hearing notice; and driver's-license suspension, support-enforcement, eviction, and garnishment records. ECF No. 19, pp. 17–20; ECF No. 19-1, pp. 1–5.

**D. ECF NO. 19 WAS DOCKETED AFTER DELAY; THE NOVEMBER 19 EMERGENCY SUBMISSION REMAINS UNDOCKETED**

ECF No. 19 was submitted November 13 and entered November 18, 2026. My separate November 19 emergency submission, identified by me as proposed ECF No. 20, remains awaiting docketing. I request prompt docketing and transmission to chambers for review before November 25. If any component requires correction, please notify me immediately at pathmedical@gmail.com so I can cure it without further delay and obtain timely consideration of my access request under 42 U.S.C. § 12132 and 28 C.F.R. § 35.160.

**D-1. THE UNDOCKETED EMERGENCY SUBMISSION NECESSITATES THIS EXTENDED LETTER**

I regret the length of this letter, Your Honor. Because the November 19 emergency submission remains undocketed as the hearing approaches, I identify its supporting materials and restate the urgent relief here. I seek to ensure that its absence from the docket does not prevent timely

consideration of my continuing need for effective CART under 42 U.S.C. § 12132 and 28 C.F.R. § 35.160(a)–(b).

**D-2. EXHIBITS IDENTIFIED IN THE NOVEMBER 19 EMERGENCY SUBMISSION**

Exhibit A — October 30 CART failure, referencing evidence already filed with ECF No. 19, together with additional extension, corrective-access, clinic, intake, and disability-advocacy correspondence.

Exhibit B — First Department opposition and reply, filing confirmation, related state applications, orders, and notice correspondence.

Exhibit C — Upcoming hearing notices and counsel-withdrawal records. C-1 contains the November 25, 3:00 p.m. summons, appearance notice, and signed withdrawal order to show cause. C-2 concerns the December 16 appearance. C-3 contains counsel correspondence and withdrawal papers.

Exhibit D — Earlier hearing-access evidence, including Kaplan proceedings, criminal-case materials, the June 14, 2024 transcript and findings, and accommodation requests and acknowledgments.

Exhibit E — Financial and enforcement records concerning license suspension, disputed support demands, federal-benefit garnishment, and eviction, referencing existing filings.

Exhibit F — Complete October 28 implementation affirmation and submission-receipt materials documenting the accommodation arrangements requested before October 30.

Exhibit G — Guthrie proceedings and transcript-access records supporting my contention that the proceedings resulted in my eviction without a meaningful opportunity to obtain the transcripts and challenge the record; G-2 contains six subsequently recovered certified transcripts.

Exhibit H — Memorandum of Law and Appendix A supporting vacatur, enforcement relief, and compensatory damages.

**E. A CONTINUING ORDER IS NECESSARY TO ENSURE EFFECTIVE CART AT EACH HEARING**

I respectfully request an order directing Defendants to secure effective human CART for November 25, 2026, at 3:00 p.m., and each subsequent appearance while my documented hearing and auditory-processing disabilities require it. My communication needs continue between hearing dates, and the October 30 failure demonstrates why the order should require advance testing, written confirmation, a responsible coordinator, and prompt correction of failures. If existing State arrangements cannot provide effective communication, Defendants should arrange a qualified outside provider and coordinate the necessary Family Court permission. B&A Litigation Services has advised me that it is available November 25 at 3:00 p.m., pending court permission. These measures implement the continuing obligations imposed by 42 U.S.C. § 12132 and 28 C.F.R. § 35.160(a)–(b), and protect meaningful judicial access under Tennessee v. Lane, 541 U.S. 509, 531–34 (2004).

**1. PURPOSE AND IMMEDIATE REQUEST**

I regret that I must write again, Your Honor. I understood ECF No. 14 to rest on Family Court's provision of the CART accommodation I requested. It is incomprehensible to me that the next appearance could proceed without effective CART while my hearing and auditory-processing disabilities continue. I request an order directing Defendants to secure effective communication for the November 25, 2026, 3:00 p.m. appearance before Support Magistrate Monera M. Seliem, New York County Family Court, Part 20, File No. 146128, Docket No. F-00882-22/25C. The continuing obligation arises under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and 28 C.F.R. § 35.160(a)–(b).

**2. EXHIBIT A AND THE FAMILY COURT RECORD**

I submit as Exhibit A my reply affirmation before Support Magistrate Seliem in Darya Varshavski v. Eric Braverman. Its supporting exhibits are identified at its conclusion. I direct this Court particularly to Sections I–V, VII–VIII, A–B, H–L, and the WHEREFORE clause. They describe repeated disability notice, the October 30 caption failure, the approaching appearance, counsel's withdrawal application, the pending Omnibus Motion, and the corrective relief requested. These circumstances support effective court access under 42 U.S.C. § 12132, 28 C.F.R. § 35.160, and Mathews v. Eldridge, 424 U.S. 319, 333, 335 (1976).

**3. SUCCESSIVE CART ORDERS RECOGNIZE A CONTINUING NEED**

Family Court Document 93 ordered CART for October 30, and Document 101 ordered CART for December 16. Document 107 schedules the intervening November 25 appearance but identifies no CART provider, caption connection, advance test, or assistance contact. My disability has not disappeared between those dates. I contend that leaving the intervening appearance without effective CART would interrupt a necessary accommodation despite the Court's repeated recognition of my need. The effective-communication obligation applies to my participation in each proceeding. 42 U.S.C. § 12132; 28 C.F.R. § 35.160(a)–(b).

**4. THE BASIS FOR ECF NO. 14**

Your October 29 order denied emergency relief as moot because Family Court had ordered CART. ECF No. 14, p. 2. It stated: "Because the state court has already granted Plaintiff the accommodation that he asks this Court to compel, his request for emergency relief is moot." I understood that ruling as resting on effective implementation of the recognized accommodation. Nothing in it suggested that my disability-related need would expire after October 30. My present request seeks correction of the subsequent failure and continuity of effective access under 42 U.S.C. § 12132 and 28 C.F.R. § 35.160.

**5. THE OCTOBER 30 ACCOMMODATION FAILED IN PRACTICE**

During the October 30 appearance, I reported that the captions were "not working properly." Magistrate Seliem stated that she could offer only what the Court had, and I responded that the service was "not disability-adequate." Certified Tr. 9:24–10:12; ECF Nos. 19-1 and 19-2; Exhibit A, Section H. The relevant question is whether the assistance actually enabled effective communication. A CART order must be implemented through assistance that meets the participant's communication needs. 28 C.F.R. § 35.160(a)–(b).

**6. THE CAPTION COMPARISON DOCUMENTS CONCRETE ERRORS**

The preliminary comparison of saved captions with the certified transcript reports 1,101

omissions, 452 substitutions, and 70 insertions, producing a 48.6% word-error rate. It identifies an omission changing "They could never be a court transcript" into "They could be a court transcript," reversing my meaning. Although the comparison has not been independently validated against the recording, this concrete reversal and my contemporaneous reports demonstrate why the service requires examination and correction before another appearance. Exhibit A, Section H; 28 C.F.R. § 35.160(b)(2).

**7. MEANINGFUL PARTICIPATION CONCERNING COUNSEL AND THE OMNIBUS MOTION**

The approaching appearance concerns Ms. Diamond's withdrawal and my request for replacement counsel. On October 30, Magistrate Seliem also stated that the Omnibus Motion would be addressed at the next appearance: "We're going to start with that." Certified Tr. 12:17–19; Exhibit A, Sections A–B. I must understand the discussion, consult with counsel, answer questions, and explain my pending requests. Those functions require meaningful access to judicial proceedings. Tennessee v. Lane, 541 U.S. 509, 523–24, 531–34 (2004); Boddie v. Connecticut, 401 U.S. 371, 379 (1971).

**8. DOCUMENTED FINANCIAL AND PRACTICAL HARM**

I am homeless following eviction, lack a driver's license, and haveexperienced restraints affecting Social Security benefits. My return materials report Social Security benefits of $32,188 for 2024 and $35,460 for 2025, with federal adjusted gross income of −$1,250 and $0, respectively. Exhibit A, Section VII and its identified Exhibit E. These circumstances increase the consequences of being unable to protect my interests in proceedings affecting my financial survival. Mathews requires consideration of the private interests affected, the risk of error, and the value of additional safeguards. 424 U.S. at 335.

**9. IMMINENT LOSS OF AN EFFECTIVE OPPORTUNITY TO BE HEARD**

The Omnibus Motion seeks financial disclosure, accounting and recalculation of arrears, review of my ability to pay, support relief, driver's-license restoration, and interim enforcement protection. The scheduled appearance, prior caption failure, and absence of confirmed corrective arrangements create an immediate risk that I will be unable to understand or answer the Court. Waiting until afterward cannot provide contemporaneous participation during the hearing. I submit that this threatened injury is actual and imminent and cannot adequately be repaired by awaiting final judgment. JTH Tax, LLC v. Agnant, 62 F.4th 658, 672 (2d Cir. 2023); Mathews, 424 U.S. at 333, 335.

**10. EFFECTIVE COMMUNICATION IS A CONTINUING STATUTORY DUTY**

Title II prohibits disability-based exclusion from public services. The regulations require communication as effective as communication with others and appropriate auxiliary aids where necessary for equal participation. Real-time computer-aided transcription is expressly recognized as an auxiliary aid. The necessary assistance depends on my communication method and the proceeding's nature, length, complexity, and context, with primary consideration given to my requested aid. 42 U.S.C. § 12132; 28 C.F.R. §§ 35.104, 35.160(a)–(b).

**11. REASONABLE MODIFICATIONS AND ANY CLAIMED EXCEPTION**

The requested connection access, advance testing, clear audio, one-speaker protocol, and correction procedure address the barriers documented in this record. Necessary procedural modifications are required subject to the applicable fundamental-alteration exception. If undue burden or fundamental alteration is asserted under § 35.164, that regulation requires a determination by the entity's head or authorized designee, consideration of available resources, and written reasons, together with other available measures to provide access. 28 C.F.R. §§ 35.130(b)(7)(i), 35.164.

**12. PRELIMINARY-INJUNCTION REQUIREMENTS**

I request relief based on likely success, imminent irreparable harm, favorable equities, and the public interest. If the requested order is treated as mandatory, I submit that the recognized disability, successive CART orders, documented caption failure, approaching hearing, and available outside provider support a clear or substantial likelihood of success and a strong showing of irreparable harm. New York ex rel. Schneiderman v. Actavis PLC, 787 F.3d 638, 650 (2d Cir. 2015); Daileader v. Certain Underwriters at Lloyds London Syndicate 1861, 96 F.4th 351, 356 (2d Cir. 2024).

**13. EQUITIES AND PUBLIC INTEREST**

The requested measures provide an identified method for enabling the proceeding to occur with effective access. My inability to understand judicial proceedings threatens meaningful participation, while advance coordination and testing promote orderly administration. I submit that the equities and public interest favor implementing the accommodation already recognized as necessary. Lane, 541 U.S. at 531–34; Actavis, 787 F.3d at 650.

**14. FEDERAL SUPREMACY AND CONSTITUTIONAL COMPLIANCE**

Section 16 of Exhibit A identifies ten authorities concerning compliance with valid, binding orders. The first two are the Supremacy Clause, U.S. Constitution, Article VI, Clause 2, establishing federal law's supremacy over conflicting state law, and Cooper v. Aaron, 358 U.S. 1, 17–18 (1958), establishing that state officials cannot nullify federal constitutional rights through resistance or evasive measures. I preserve those authorities in support of implementation of the applicable federal access requirements.

**15. COMPLIANCE WITH OPERATIVE FEDERAL DECREES**

The third and fourth authorities are Washington v. Washington State Commercial Passenger Fishing Vessel Ass'n, 443 U.S. 658, 695–696 (1979), addressing compliance with a binding federal decree notwithstanding state-law restrictions, and GTE Sylvania, Inc. v. Consumers Union, 445 U.S. 375, 386–387 (1980), requiring persons subject to a jurisdictionally valid injunction to obey it until modified or reversed. Their application depends on the terms of the operative order.

**16. EFFECT AND SCOPE OF INJUNCTIONS**

The fifth and sixth authorities are Federal Rule of Civil Procedure 62(c)(1), ordinarily exempting judgments granting injunctions from the automatic stay after entry unless the court orders otherwise, and Federal Rule of Civil Procedure 65(d)(2), identifying the parties, representatives, and persons acting in concert who may be bound upon actual notice. I request a specific prospective order directed to Defendants within this Court's authority.

**17. ENFORCEMENT OF LAWFUL FEDERAL ORDERS**

The seventh and eighth authorities are McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949), explaining that lack of willfulness alone does not defeat civil contempt for violation of an applicable decree, and 18 U.S.C. § 401(3), authorizing punishment for disobedience of lawful federal orders when contempt requirements are satisfied. These authorities address enforcement according to an applicable order's terms.

**18. STATE MANDATES AND JUDICIAL RESPONSIBILITIES**

The ninth authority is New York Judiciary Law § 753(A)(3), authorizing civil contempt for disobedience of a lawful mandate prejudicing a party's rights, upon the required findings. The tenth consists of 22 N.Y.C.R.R. §§ 100.2(A) and 100.3(B)(1), requiring judicial officers to respect and comply with the law and remain faithful to it. My immediate request independently rests on Title II and 28 C.F.R. § 35.160.

**19. ORDER DIRECTING DEFENDANTS TO ARRANGE EFFECTIVE CART**

I respectfully request an emergency order directing Defendants, in coordination with appropriate Family Court personnel, to secure qualified human CART throughout the November 25, 2026, 3:00 p.m. appearance and subsequent appearances while necessary for effective communication. I request that effective access be established before substantive matters are addressed, including counsel's withdrawal and my pending applications. 42 U.S.C. § 12132; 28 C.F.R. § 35.160(a)–(b).

**20. QUALIFIED OUTSIDE PROVIDER AND NECESSARY FAMILY COURT PERMISSION**

If existing State arrangements cannot provide effective communication, I request that Defendants secure a qualified outside provider. B&A Litigation Services has advised me that it is available November 25 at 3:00 p.m., pending court permission. I request that Defendants coordinate the necessary Family Court permission for B&A to participate alongside the court-provided service, with clear audio, direct caption delivery, and advance testing. Coordination may occur through Sara Cano, schedule@balitigation.com, 206-903-1112. 28 C.F.R. § 35.160(b)(1)–(2).

**21. WRITTEN CONFIRMATION AND RESPONSIBLE COORDINATOR**

I request designation of an employee responsible for coordinating the accommodation and written confirmation emailed to pathmedical@gmail.com by noon on November 24, 2026. The confirmation should identify the provider, hearing connection, testing time, and procedure for reporting and correcting failures. I have no stable mailing address. These directions would make the required arrangements definite and reviewable. 28 C.F.R. § 35.160(b)(2); Fed. R. Civ. P. 65(d)(1).

**22. COMMUNICATION-FAILURE AND ADJOURNMENT PROCEDURE**

I request that Defendants coordinate with Family Court a procedure requiring an immediate pause when communication fails and postponement of substantive proceedings if effective access cannot promptly be restored. The arrangements should be corrected and tested before the rescheduled substantive proceeding. If a requested accommodation is denied, I request

written identification of the denied measure, the reason, and the effective alternative, including any findings required under § 35.164. 28 C.F.R. §§ 35.160, 35.164.

**23. EXPEDITED DETERMINATION BEFORE THE APPEARANCE**

I request determination before November 25 so that the required arrangements can actually be implemented. Exhibit A supplies the underlying notice, accommodation, financial, and representation history. The immediate relief requested here is an order directing Defendants to secure the communication assistance and coordination necessary for meaningful participation in the approaching proceeding and continued access while my documented need remains. 42 U.S.C. § 12132; Mathews, 424 U.S. at 333, 335; Lane, 541 U.S. at 531–34.

**AFFIRMATION**

I affirm this 22nd day of November 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, and under penalty of perjury under the laws of the United States of America, pursuant to CPLR 2106 and 28 U.S.C. § 1746, that the foregoing is true and correct, and I understand that this document may be filed in an action or proceeding in a court of law.

/S/ Eric R. Braverman, M.D.
33 Park Place, PMB 125
New York, NY 10007

cc: Miranda Onnen, Assistant Attorney General — miranda.onnen@ag.ny.gov
James Brennan Cooney, Assistant Attorney General — james.cooney@ag.ny.gov

**EXHIBIT A — FAMILY COURT REPLY AFFIRMATION**

Respondent's Reply Affirmation before Support Magistrate Monera M. Seliem in Darya Varshavski v. Eric Braverman, New York County Family Court, File No. 146128, Docket No. F-00882-22/25C, requesting effective CART, B&A Litigation Services' participation, replacement counsel, determination of the pending Omnibus Motion, and vacatur or reopening of the June 14, 2024 determination; supporting Exhibits A–E are identified at the conclusion of that affirmation.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.